**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARENA J. GERDE, | No. 15-35418 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05679-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted November 28, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Karena J. Gerde appeals from the district court's order affirming the

decision of the Commissioner of Social Security denying her application for

disability insurance benefits under Title II of the Social Security Act and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Act. We have jurisdiction under 28 U.S.C. § 1291. We remand for further administrative proceedings consistent with this decision.

We review the district court's order affirming the denial of disability benefits de novo. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). We may set aside an Administrative Law Judge's ("ALJ") denial of benefits only if it is based on legal error, or not supported by substantial evidence. *Id.* Although an ALJ may reject a physician's controverted opinion if the ALJ provides specific and legitimate reasons, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996), the ALJ must provide "clear and convincing" reasons supported by substantial evidence to reject the uncontroverted opinion of an examining physician, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

I

The ALJ provided sufficient reasons for discounting Dr. Beitinjaneh's opinion. Dr. Beitinjaneh's opinion was inconsistent with his findings and was not supported by other objective medical evidence in the record. Dr. Beitinjaneh's opinion that Gerde was unable to stand or walk for two hours in an eight hour day

and required the use of an assistive device to prevent falling contradicted his observations regarding Gerde's ability to sit, stand, and walk. Dr. Beitinjaneh noted that Gerde had a normal gait, normal Romberg test, normal ranges of motion, and full strength in her extremities. Further, he noted Gerde walked without difficulty or assistance. The inconsistency between Dr. Beitinjaneh's ultimate opinion and his notes is a legitimate reason to discount the opinion.

The ALJ did not err in evaluating Dr. Rodgers' findings. Although Gerde argues the ALJ erred by failing to fully discuss and consider Dr. Rodgers' findings, the ALJ discussed Dr. Rodgers' findings and determined the findings did not support the impairments alleged by Gerde.

## II

The ALJ provided specific, clear, and convincing reasons for discounting Gerde's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). Inconsistencies between a claimant's testimony and the medical record, *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007); inadequately explained failures to follow a prescribed course of treatment; and inconsistencies between the claimant's testimony and her reported activities, *Molina*, 674 F.3d at 1113, are proper reasons to discredit a claimant's testimony. Specific medical evidence contradicted Gerde's alleged debilitating headaches, dizziness, balance problems, and frequent

3

falling; Gerde failed to comply with prescribed courses of treatment and referrals; and Gerde's testimony was not consistent with her reported activities. The ALJ provided sufficient reasons for discounting Gerde's testimony.

## III

The ALJ erred in discounting Dr. Alvord's opinion regarding Gerde's mental limitations. The ALJ determined Dr. Alvord's opinion was contradicted by the opinions of state agency consultants who reviewed Dr. Alvord's evaluation notes and other medical evidence in the record. The ALJ discounted Dr. Alvord's opinion because he found it lacked specificity and corroborating details; it constituted a bare assertion of disability; and it was contradicted by medical evidence in the record.

Dr. Alvord's opinion is not contradicted by any other mental health professionals who treated, evaluated, or examined Gerde for mental limitations. Rather, non-examining agency consultants who reviewed Gerde's records, but did not examine or treat Gerde, contradicted Dr. Alvord's mental health opinion. However, the opinion of a non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . an examining physician." *Lester*, 81 F.3d at 831. The state agency consultants did not treat, test,

4

or otherwise examine Gerde. The opinions of the state agency consultants do not constitute substantial evidence justifying the rejection of Dr. Alvord's opinion.

Further, Dr. Alvord was the only mental health specialist to examine Gerde and evaluate her mental impairments, and the only specialist to conduct detailed testing of Gerde's mental abilities. Dr. Alvord's opinion regarding matters within his speciality, such as mental limitations, should be afforded greater weight than the opinions of non-specialists. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001).

The ALJ did not provide sufficient justification for rejecting the opinion of Dr. Alvord. Dr. Alvord's opinion was sufficiently specific and detailed: in his examination and evaluation of Gerde, Dr. Alvord interviewed Gerde; conducted memory testing; provided notes and clinical findings regarding Gerde's mental limitations; and provided a narrative of his findings to support his ultimate opinion that, due to her mental limitations, Gerde could not function in an occupational setting. Further, Dr. Alvord's opinion is not contradicted by any other mental health professionals who treated, evaluated, or examined Gerde for mental limitations.

## IV

The ALJ erred in discounting the testimony of the lay witnesses on the grounds that it was inconsistent with the objective medical evidence in the record.

An ALJ must take into account lay witness testimony as to the claimant's symptoms or how impairments affect the claimant's ability to work. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). To discount competent lay witness testimony, the ALJ must provide reasons that are "'germane to each witness.'" *Id.* (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Although inconsistency with medical evidence is germane for purposes of discrediting lay witness testimony, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), the testimony provided by the lay witnesses regarding Gerde's mental impairments is consistent with Dr. Alvord's evaluation. The testimony regarding Gerde's poor retention of information, concentration, and memory was consistent with the clinical notes and evaluation prepared by Dr. Alvord. As such, the ALJ erred in discounting the lay witness testimony regarding Gerde's mental impairments to the extent he discounted the testimony because it was not consistent with the objective medical evidence.

6

# V

Remand for further administrative proceedings to consider Dr. Alvord's opinion and the lay witness testimony is the proper remedy because enhancement of the record would be useful. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remand for an immediate award of benefits is appropriate only where

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled.

*Id.* Even if Dr. Alvord's opinion and the lay witness testimony regarding Gerde's mental limitations were credited as true, the record is not such that the ALJ would be required to find Gerde disabled.

Costs shall be taxed against the defendant-appellee Nancy A. Berryhill, Acting Commissioner Social Security.

**REMANDED.**